```
            UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:

PREMIER FARMS, L.C.                              Chapter 11

    Debtor.                              Bankruptcy No. 03-04632F


ORDER RE: DEBTOR'S APPLICATION
FOR APPROVAL OF RETENTION OF LEGAL COUNSEL

Premier Farms, L.C. (hereinafter "Premier") applies for approval of its retention of Sonnenschein Nath & Rosenthal LLP (hereinafter "Sonnenschein") as its attorneys in this chapter 11 case. Premier filed its chapter 11 petition on December 8, 2003. It presented its application to employ Sonnenschein to the court on December 9, 2003, at a hearing in Sioux City on Premier's "first day motions." Patrick C. Maxcy, of Sonnenschein, and Donald H. Molstad appeared for Premier. Martha Fagg appeared as attorney for the United Staates. T. Randall Wright appeared as attorney for Bank of America.

Objecting to the application were JBD Pork, Inc., Hyland Farms, Inc., Don and Tim Flaherty, Dean Runyon, Lawrence Handlos, Dennis Riesberg, Newell Pig, L.L.C., Dennis and Dana Sitzmann (hereinafter "JBD Pork, et al."). These entities hold a judgment or judgments against Premier arising from an action filed in Iowa District Court for Wright County. They were represented at the hearing by attorneys A. Frank Baron, Charles T. Patterson, Jeff W. Wright, and Jeana L. Goosman.

Premier is a limited liability company that breeds sows

to produce and sell Isowean pigs.  The company is owned by Austin J. DeCoster.  Premier's principal office is in Galt, Iowa.  It has facilities in Wright County and southern Iowa.  Premier scheduled Bank of America, N.A. (hereinafter "Bank") as the only creditor holding a secured claim.  It listed Bank as having a claim of $67,300,000.00.  Schedule D showed the collateral for the debt as livestock, equipment, and accounts receivable having no value.  The schedules do not say the debt is "contingent," although it may be.  The debt is based on a guaranty to Bank of debt of Austin J. DeCoster, who is debtor's only member, DeCoster's spouse, and the DeCoster Revocable Trust.  These obligors obtain loans from a four or five bank syndicate for which Bank is agent.  The borrowers distribute the loan proceeds to approximately 15 operating entities in which the DeCosters have interests.  The operating entities, of which Premier is one, all guarantee the debts.

The schedules showed the Internal Revenue Service of the United States as a creditor holding an unsecured priority claim in the amount of $183,859.75.  The schedule of creditors holding unsecured nonpriority claims listed 39 such claims totaling $26,424,021.61.  Of this amount, some $25,036,410.00 is scheduled as owing to three entities which bear the DeCoster name.  Seven other creditors hold significant claims: JBD Pork, et al. in the amount of $954,000.00; Geode Gene Center in the amount of $146,684.00; M & F Trading in the amount of $102,000.00; Wessels Oil Company in the amount of

2

$56,239.63; Lextron Animal Health in the amount of $45,058.35; Iowa Ag LLC in the amount of $25,300.00; and Swine Genetics in the amount of $19,500.00. The balance of the scheduled debts is listed as owed to 29 creditors in the approximate aggregate amount of $38,830.00.

Sonnenschein is a large law firm located in Chicago. It is well qualified to act as attorney for Premier in all aspects of the bankruptcy case. Sonnenschein says it was first retained by Premier in August 2003 in connection with the bankruptcy filing (Application ¶ 17). As a retainer, Premier paid Sonnenschein $75,000.00 in September and $75,000.00 in December. Prior to the petition, Sonnenschein applied $91,351.46 to outstanding fees and expenses. The balance of the retainer at filing was $53,648.54.

Sonnenschein conducted a conflicts check, and, in a declaration in support of the application to employ, it has disclosed that it represents Bank in matters unrelated to the bankruptcy case. Moreover, the declaration states that it "does not represent any person or entity in connection with any adverse interest such person or entity may currently have against the Debtor or its estate." (Declaration of Robert E. Richards, ¶ 3). In a supplemental declaration, Patrick C. Maxcy, an associate with Sonnenschein, informed the court that thus far in 2003, Sonnenschein's billings to Bank represent "approximately two-tenths of 1% (.0002)" [sic] of its total billings, and that in 2002, its total billings to Bank

3

represented "approximately three-tenths of 1% (.0003)" [sic] of Sonnenschein's total billings. There was no indication of what these billings are in actual dollars. Sonnenschein has obtained waivers of the conflict from Premier and Bank.

JBD Pork, et al. objects to Sonnenschein's employment by the debtor-in-possession. It contends that Sonnenschein's representation of Premier and its representation of Premier's major creditor, even in unrelated matters, is a conflict of interest which should disqualify Sonnenschein from employment as Premier's attorney in the bankruptcy case. I agree.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Pursuant to 11 U.S.C. 1107(a), Premier, as debtor-in-possession, has the rights and powers of a trustee serving in a chapter 11. A trustee may employ one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons...." 11 U.S.C. § 327(a). Section 327 also provides that

> In a case under chapter...11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

A "disinterested person" is defined by the bankruptcy statute. The definition, in relevant part, states that a disinterested person

> does not have an interest materially adverse to the
> interest of the estate or of any class of creditors

4

or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, <u>or for any other reason</u>.

11 U.S.C. § 101(14)(E) (emphasis added).

The statute does not define or state what it means to hold or represent an adverse interest. The meaning has been developed by case law. An interest adverse to the estate has been defined as "any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant" or it is a "predisposition under circumstances that render such a bias against the estate." <u>In re Envirodyne Industries, Inc.</u>, 150 B.R. 1008, 1016-17 (Bankr. N.D. Ill. 1993).

I find and conclude that Sonnenschein has an adverse interest and is therefore not disinterested, because it has a predisposition to bias in favor of Bank. Bank is a client. It has been one for at least nearly two years. There is an exception from disqualification which might permit a law firm to represent a trustee or debtor-in-possession despite the firm's employment by a creditor. 11 U.S.C. § 327(c). But this exception applies only if no creditor objects and there is no actual conflict of interest. <u>Id.</u> In this case, a creditor, JBD Pork, et al., has objected, and I find there is a potential, if not actual, conflict. Although there is a *per se* disqualification for an actual conflict of interest, the

5

court in its discretion, may disqualify an attorney that has a potential conflict. <u>In re Marvel Entertainment Group, Inc.</u>, 140 F.3d 463, 476 (3rd Cir. 1998).

In this case, Bank is the largest creditor, and the only creditor scheduled to have a security interest in property of the debtor.  Bank is not merely one of a number of creditors holding general unsecured claims.  The debtor-in-possession's law firm must deal with Bank's bankruptcy counsel.  The issues to be evaluated and possibly raised and litigated are numerous and important.  They include consideration of and possible challenge to the validity and extent of Bank's liens, the adequate protection of Bank's liens, objection to or subordination of the Bank's claim, plan treatment, and stay litigation.

A debtor should be deprived of its choice of counsel only in rare cases.  Moreover, the court should not disqualify counsel for a mere appearance of impropriety.  <u>In re Marvel Entertainment Group, Inc.</u>, 140 F.3d at 477.  Nonetheless, Premier is entitled to zealous representation by its attorney in this case.  I believe that there is legitimate and real concern that Sonnenschein's attorney-client relationship with Bank could detrimentally affect the firm's zealous representation in this case.  Premier may well be a one-time client of the law firm.  It is obvious that Bank has not been. In short, Sonnenschein might be affected in its handling of the case by a desire not to make a regular client angry.

6

Also, there must be no concern in the minds of other creditors that Bank is receiving favored treatment from debtor because debtor's counsel represents the Bank.

There is case authority for my decision to disqualify Sonnenschein. Matter of Status Game Corp., 102 B.R. 19 (Bankr. D. Conn. 1989); contra, In re Dynamark, Ltd., 137 B.R. 380 (Bankr. S.D. Cal. 1991). Sonnenschein could have cured the problem by ceasing its representation of Bank. See Bank Brussels Lambert v. Coan (In re Arochem Corp.), 176 F.3d 610, 623 (2nd Cir. 1999). It did not. It is my view that Sonnenschein's attorney-client relationship with Bank, one of the most significant, if not the most significant, creditors in this case, creats a potential if not actual conflict of interest for the law firm. Such conflict should result in its disqualification as counsel for the debtor-in-possession.

IT IS ORDERED that the objection to debtor's application is sustained.

IT IS ORDERED that the application of Premier Farms, L.C. to employ Sonnenschein Nath & Rosenthal LLP as its attorney is denied.

IT IS FURTHER ORDERED that the motions to appear *pro hac vice* filed by Pia N. Thompson, Robert E. Richards, and Patrick C. Maxcy are denied.

SO ORDERED THIS 16th DAY OF DECEMBER 2003.

*WLEdmonds*
William L. Edmonds, Bankruptcy Judge